IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **FATHERS & DAUGHTERS NEVADA, LLC,** and **QOTD FILM INVESTMENT, LTD.**, <br><br>   Plaintiffs, <br><br>  v. <br><br>**JESSE BENJAMIN BROWN**, <br><br>   Defendant. | Case No. 3:16-cv-927-SI <br><br> **OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

  Plaintiffs Fathers & Daughters Nevada, LLC ("F&D") and QOTD Film Investment, LTD ("QOTD"). bring this action against Defendant Jess Benjamin Brown. Plaintiffs allege that Defendant copied and distributed each of Plaintiffs' motion pictures through a public BitTorrent network in violation of Plaintiffs' exclusive rights under the Copyright Act. Before the Court is Plaintiffs' motion for entry of default judgment under Federal Rule of Civil Procedure 55(b). For the following reasons, the Court grants Plaintiffs' motion, and will enter a default judgment against Defendant in the amount of $1,500, along with injunctive relief.

## STANDARDS

  Under Federal Rule of Civil Procedure 55(a), the Clerk of the Court is required to enter an order of default if a party against whom affirmative relief is sought fails timely to answer or

PAGE 1 – OPINION AND ORDER

otherwise defend an action. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Upon the entry of default, the Court accepts "the well-pleaded factual allegations" of the complaint "as true." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (quoting *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992)); *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The court, however, does not accept as admitted facts that are not well-pleaded, conclusions of law, or facts relating to the amount of damages. *DIRECTV*, 503 F.3d at 854; *Geddes*, 559 F.2d at 560; *see also Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) ("'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" (quoting *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987))).

After default has been entered against a defendant, a court may enter a default judgment against that defendant. *See* Fed. R. Civ. P. 55(b). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011) (noting that a district's court decision whether to enter a default judgment is reviewed for abuse of discretion). In *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit set out factors to guide a district court's consideration of whether to enter a default judgment. *See DIRECTV* , 503 F.3d at 852 (noting that *Eitel* "set[] out factors to guide district court's determination regarding the appropriateness of granting a default judgment").

The Ninth Circuit in *Eitel* held:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of

> prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72 (punctuation in original). The "starting point" of the court's analysis, however, "is the general rule that default judgments are ordinarily disfavored." *Id.* at 1472.

## BACKGROUND

Beginning in 2014, counsel for Plaintiffs has filed hundreds of cases in this District asserting that Doe defendants, originally identified only by their Internet Protocol ("IP") addresses, violated the Copyright Act by downloading movies on the internet using a peer-to-peer BitTorrent file sharing protocol. On May 26, 2016, Plaintiff F&D filed its complaint in this case, identifying a doe defendant IP address as a person who illegally downloaded F&D's motion picture *Fathers & Daughters* using the BitTorrent network, among many other motion pictures. Plaintiff F&D then identified the subscriber associated with the infringing IP address, and that subscriber identified Mr. Brown, who at the time was an occupant's of the subscriber's household, as the infringing party.

On September 7, 2016, Plaintiff F&D filed an amended complaint, naming Mr. Brown as the defendant and joining the additional plaintiff QOTD. Defendant appeared through counsel and waived service, although he did not answer or otherwise respond to the Amended Complaint. Plaintiffs moved for an order of default. The Court issued an Order of Default on December 9, 2016. On May 7, 2017, Plaintiffs filed a motion for default judgment.

Although Defendant has not answered or otherwise defended this litigation, he did appear through counsel to respond to the motion for default judgment and argue that minimum statutory damages are appropriate in this case. He also identified for the Court that although he had not

PAGE 3 – OPINION AND ORDER

been active in the litigation before the Court, he had been communicating with Plaintiffs through counsel and had made various settlement offers, all of which were rejected by Plaintiffs.

## DISCUSSION

To establish a claim of copyright infringement, a "plaintiff must show ownership of the copyright and copying by the defendant." *Fox Broad. Co. v. Dish Network L.L.C.*, 747 F.3d 1060, 1066-67 (9th Cir. 2013) (quotation marks omitted). The factual allegations of Plaintiffs' Amended Complaint, which the Court accepts as true upon default, establish these elements. Accordingly, a judgment of default is appropriate in this case. *See Glacier Films (USA), Inc. v. Tenorio*, 2016 WL 3766465, at *2 (D. Or. June 22, 2016); *Voltage Pictures, LLC v. Martinez*, 2015 WL 4772856, at *2 (D. Or. Aug. 11, 2015).

Under the Copyright Act, a plaintiff may elect an award of statutory damages "in a sum of not less than $750 or more than $30,000" per infringement, in lieu of an award representing actual damages. 17 U.S.C. § 504(c)(1). If a court finds the infringement to be willful, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). The court has broad discretion in setting the amount of statutory damages. *See Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001) ("If statutory damages are elected, the court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima.") (quotation marks and alteration omitted).

Plaintiffs concede that the amount of economic damages suffered as a result of Defendant's infringing activity is highly speculative and incalculable. Thus Plaintiffs seek only statutory damages. Plaintiffs argue that Defendant's conduct was willful and that because he has refused to participate in the legal process, statutory damages of at least $1,500 per copyright infringed, for total statutory damages of at least $3,000, are warranted. The Court disagrees.

PAGE 4 – OPINION AND ORDER

Defendant here did not attempt to make litigating this case difficult for Plaintiffs. He waived service. He also made several good faith attempts to settle this case. Although he did not answer or otherwise defend this litigation, the Court agrees with the reasoning of U.S. Magistrate Judge Stacie Beckerman in *Glacier Films* that persons should not be punished for making that choice. In her opinion dated June 22, 2016, Judge Beckerman declined to award statutory damages of $2,500 and instead awarded the minimum statutory damages of $750. *Glacier Films*, 2016 WL 3766465, at *3. Judge Beckerman explained:

> [C]ommon sense supports a conclusion that a $750 financial penalty for illegal downloading one movie is more than sufficiently punitive to deter others from illegally downloading free movies on the BitTorrent network. With knowledge that it will now cost $750 to watch a single movie on the BitTorrent network, consumers should be motivated instead to spend a few dollars to rent the same move legally. This Court believes that the problem is not with the magnitude of the damages awarded, but the fact that the general public does not appear to be aware of the dozens of BitTorrent copyright infringement actions filed by Plaintiffs' counsel in this district alone. The Court declines Plaintiffs' invitation to punish Defendant with a statutory damages award higher than $750 because he chose not to defend against this copyright infringement action. The Court is not aware of the reasons why Defendant chose not to appear and present a defense in this case, but notes that some individuals may choose to default merely due to the cost of federal court litigation, not for any nefarious reason that would support the award of enhanced statutory damages. In sum, Plaintiffs have failed to present evidence to demonstrate that the infringing conduct in this action differs from the several other actions in which judges in this district have awarded the minimum statutory damages.

*Id.* (citations and footnote omitted) (alteration in original). The considerations noted by Judge Beckerman apply even more strongly in this case because Defendant explained in his response to Plaintiffs' motion for default judgment that his decision not to litigate was financially motivated, and the fact that he made offers of settlement indicates his willingness to work with

Plaintiffs to efficiently and effectively resolve this case. The Court declines to award greater than the minimum statutory damages in this case

Plaintiffs also seek injunctive relief preventing Defendant from future infringing activity against Plaintiffs' motion pictures. The Court agrees that this case merits injunctive relief under 17 U.S.C. §§ 502 and 503. Under these sections, the Court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." § 502(a). The Court may also "order the destruction or other reasonable disposition of all copies or phonorecords found to have been made or used in violation of the copyright owner's exclusive rights." § 503(b). Accordingly, the Court orders a permanent injunction enjoining Defendant from directly, indirectly, or contributorily infringing on Plaintiffs' rights, including without limitation by using the internet to reproduce or copy Plaintiffs' motion pictures, to distribute them, or to make them available for distribution to the public except pursuant to a lawful license or with the express authority of Plaintiffs. The Court also orders Defendant to destroy all unauthorized copies of Plaintiffs' motion pictures.

## CONCLUSION

Plaintiffs' motion for default judgment (ECF 19) is GRANTED. Defendant is ordered to (1) pay each Plaintiff statutory damages of $750, for total damages of $1,500; (2) cease all activities infringing on Plaintiffs' rights in their motion pictures *Fathers & Daughters* and *Queen of the Desert*; and (3) destroy all unauthorized copies of these movies in the possession of Defendant.

**IT IS SO ORDERED**.

DATED this 1st day of June, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 6 – OPINION AND ORDER